IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THEDA RUSCH BALL, | ) |
| Plaintiff, | ) Civil Action No. |
| vs. | ) Judge |
| | ) JURY DEMAND |
| COMMUNITY HEALTH SYSTEMS, INC. and LEXINGTON HOME CARE SERVICES, LLC | ) |
| Defendant. | ) |

**COMPLAINT**

For her Complaint against Defendant Community Health Systems, Inc. ("CHS") and Lexington Home Care Services, LLC ("LHCS") (collectively "Defendants"), Plaintiff Theda Rusch Ball ("Plaintiff" or "Ms. Ball") states as follows:

**Jurisdiction and Venue**

1. This is an action for equitable relief and damages for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II); retaliation for wrongful termination under Tennessee common law and Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA") (Count III).

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under laws of the United States. The Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred within this District and Defendant is either located, resides, or does business in this District.

## Parties

4. Plaintiff is a resident of McKenzie, Tennessee. She was employed as an at will employee by Defendant as a registered nurse ("RN") for LHCS and CHS from January 25, 2010 until October 15, 2012.

5. Defendant LHCS is a limited liability company formed in Delaware that has its principal place of business in Franklin, Tennessee. LHCS's registered agent is Ben Fordham, 4000 Meridian Blvd., Franklin, Tennessee 37067.

6. Defendant CHS is a corporation formed in Delaware that has its principal place of business in Franklin, Tennessee. CHS's registered agent is Ben Fordham, 4000 Meridian Blvd., Franklin, Tennessee 37067. CHS is the parent company of LHS.

## Coverage under the FMLA

7. At all times material to this action, based on information and belief, Defendants have employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2011 and/or 2012 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

8. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

9. On or around October 3, 2012, Plaintiff notified her employer that she was suffering admitted to the hospital for chest pains and that she needed medical leave from October 4, 2012 to return on October 8, 2012. After notifying her supervisor of her medical leave, she was not provided FMLA paperwork or documentation. On October 5, 2012, Plaintiff's supervisor, Pate, told her it would be a good idea if she just resigned. On October 15, 2012 Plaintiff was terminated.

### Facts

10. Plaintiff was employed by Defendants on May 5, 2008 as a home health nurse in McKenzie, Tennessee.

11. On May 30, 2012, Plaintiff was required to re-submit a health questionnaire that required Plaintiff to provide recent health history information, including, but not limited to what medications she currently took, as well as health history information about her family history.

12. The health history questionnaire revealed she was a qualified individual with a disability.

13. On or around June 27, 2012, Plaintiff was accused by her supervisor of being "paranoid."

14. Sometime in July 2012, Plaintiff reported to her supervisor charting and medication errors committed by other employees concerning patients Plaintiff was treating.

15. On or around August 6, 2012, Plaintiff filed an employee grievance that her supervisor, Pate, was creating a hostile work environment because Pate accused her of being "obsessed" and because she was being treated differently after she reported concerns she had about negative patient outcomes, alteration of patient records, and medication errors.

16. On or around September 11, 2012, Plaintiff contacted CHS HR Director, Follis, about the hostile work environment she was experiencing from Pate and her concerns about negative patient outcomes, alteration of patient records, and medication errors.

17. On or around September 22, 2012, Plaintiff sent another letter to the CHS Compliance Privacy Officer to follow up on her prior complaint about patient safety, alteration of patient records, and the harassment and hostile work environment she was being subjected to by Pate.

18. On or around October 3, 2012, Plaintiff notified her employer that she was suffering from chest pains, was admitted to the hospital, and that she needed medical leave from October 4, 2012 to return on October 8, 2012.

19. After notifying her supervisor of her medical leave, she was not provided FMLA paperwork or documentation.

20. On October 5, 2012, Plaintiff notified CHS HR Director Follis that she was admitted to the emergency room on October 3, 2013 after experiencing chest pain and shortness of breath due to workplace stress and harassment she was experiencing from Pate. Plaintiff also requested Follis's assistance to stop Pate from harassing her.

21. On October 15, 2012 Plaintiff was terminated and given a separation agreement and release that Defendant insisted she sign the day of termination. However, Plaintiff refused to sign the separation agreement.

22. Plaintiff's Notice of Termination did not state a reason for her termination.

23. Prior to taking FMLA and notifying Defendants of concerns about charting errors and hostile work environment she had experienced, Plaintiff had received positive evaluations

and told her "documentation was excellent and thorough" and she had received numerous compliments from patients concerning her work.

## Count I – FMLA
### (Interference and/or Retaliation)

24. Plaintiff restates and incorporates herein the foregoing paragraphs.

25. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

26. Defendants are an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

27. Plaintiff was entitled to receive FMLA leave to care for herself due to a serious health condition, *i.e.*, shortness of breath, chest pain.

28. Defendants' actions constitute both interference and/or retaliation violations of the FMLA because they were motivated in whole or in part by Plaintiff's notification to Defendants of her serious health condition.

29. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

30. As a result, Plaintiff is entitled to recover her damages, including lost wages, liquidated damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which she may be entitled.

## COUNT II- TDA
### (TDA Discrimination)

31. Plaintiff restates and incorporates herein the foregoing paragraphs.

32. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

33. Defendants discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the TDA.

34. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

35. Plaintiff's termination was motivated by her disability and/or perceived disability.

36. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

37. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT III-Retaliation
### (Common Law Wrongful Termination/TPPA/TDA Retaliation)

38. Plaintiff restates and incorporates herein the foregoing paragraphs.

39. It is the public policy and law of the State of Tennessee and federal law that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

40. Contrary to the common law of the State of Tennessee and the TPPA, Defendants terminated Plaintiff's employment in retaliation for making complaints to CHS's compliance officer and HR Director, as well as exercising her rights under the TDA and FMLA.

41. As a direct and proximate result of and/or motivated by Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

1. Conduct a trial by jury on all triable issues;

2. Enter judgment in favor of Plaintiff and against Defendants on all counts in this action;

3. Enter declaratory judgment that the practices complained of are unlawful and void;

4. Award back pay and benefits;

5. Order reinstatement to Plaintiff's position or, alternatively, award front pay and benefits;

6. Award compensation to make Plaintiff whole for the loss of benefits;

7. Award compensatory damages for embarrassment, humiliation, emotional pain and suffering, mental anguish, severe stress and anxiety, psychological harm, inconvenience, and loss of enjoyment of life;

8. Award punitive damages;

9. Award liquidated damages;

10. Award Attorneys' fees and expenses;

11. Award prejudgment interest and, if applicable, post-judgment interest; and

12. Such other and further legal or equitable relief to which Plaintiff may be entitled.

8

Respectfully submitted,

COLLINS LAW FIRM

_____
Heather Moore Collins
BPR # 026099
2002 Richard Jones Rd., Suite 200-B
Nashville, TN 37215
615-724-1996
615-691-7019 FAX
heather@hmcollinslaw.com

*Attorney for Plaintiff*