IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THEDA RUSCH BALL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:13-1129 |
| | ) |
| vs. | ) Chief Judge Haynes |
| | ) |
| | ) JURY DEMAND |
| COMMUNITY HEALTH | ) |
| SYSTEMS, INC., COMMUNITY HEALTH | ) |
| SYSTEMS PROFESSIONAL SERVICES CORP., | ) |
| LEXINGTON HOME CARE SERVICES, LLC | ) |
| d/b/a REGIONAL HOME CARE, MCKENZIE, | ) |
| COMMUNITY HEALTH UNITED HOME | ) |
| CARE, LLC | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties submit this Proposed Initial Case Management Order in anticipation of their case management conference scheduled for January 10, 2014 at 2:00 p.m.

I.  **JURISDICTION AND VENUE:**

The Court has jurisdiction of this case pursuant 28 U.S.C. §1331. Defendants dispute that venue is proper in the Middle District and anticipate filing a motion to dismiss and/or motion to transfer.

II. **PARTIES' THEORIES OF THE CASE:**

  A.  **Plaintiff's Theory of the Case:**

On an annual basis Defendants improperly obtained genetic information in violation of GINA, 42 U.S.C. § 2000ff *et. seq.*, by requiring Plaintiff submit a health

questionnaire that required she provide recent health history information, including, but not limited to, what medications she currently took, as well as health history information about her family, including cancer (including type), diabetes, heart disease, TB, high blood pressure, kidney disease, stroke, asthma or migraine headaches.

Moreover, after making complaints to CHS's corporate HR director Follis in the late summer/fall of 2012 about patient safety, alteration of patient records, and harassment and hostile work environment she was being subjected to, and finally taking FMLA protected leave to address the stress she was being subjected to, Plaintiff was terminated in violation of the FMLA, TDA, ADA, TPPA and Tennessee common law.

**B.     Defendants' Theory of the Case:**

Defendant Community Health Systems, Inc. ("CHSI") is a publicly-traded holding company with no employees. CHSI is a remote parent company of Lexington Home Care Services, LLC d/b/a Regional Home Care, McKenzie (the "Agency"). CHSI did not employ Plaintiff, her supervisors or co-workers. CHSI has no knowledge of any of the alleged events involving Plaintiff's employment and played no role whatsoever in those alleged events. CHSI denies any wrongdoing in this matter and denies that it is a proper party in this matter.

Defendant Community Health Systems Professional Services Corporation ("CHSPSC"), which is improperly named in the Complaint as "Community Health Systems Professional Corp.", is a management company that provides certain management and consulting services to entities with which it contracts. CHSPSC did not employ Plaintiff, her supervisors or co-workers. CHSPSC provided legal consultation and advice to the Agency, in connection with a Charge filed against the Agency and CHSI by Plaintiff with the EEOC. CHSPSC understands that the Agency terminated Plaintiff's employment following repeated

patient complaints regarding Plaintiff. CHSPSC denies any wrongdoing in this matter and denies that it is a proper party in this matter.

The only proper Defendant, the Agency, is a home health care agency located at 161 Hospital Drive, McKenzie, Tennessee 38201. The Agency employed less than 50 employees during the relevant time associated with the claims in this lawsuit. Although Defendants have not yet answered (and no Answer is yet due), preliminary investigation shows that the Agency is an equal opportunity employer, and there is no basis for the claims brought by Plaintiff in her lawsuit. She was neither discriminated against nor subjected to retaliation for any protected activity. The statutes cited (FMLA, TDA, ADA, GINA) in the Amended Complaint were not violated by the Agency; moreover, the FMLA is not applicable to the Agency. Plaintiff was discharged for legitimate nondiscriminatory and non-retaliatory reasons.

## III. SCHEDULE OF PRETRIAL PROCEEDINGS

### A. Rule 26(a)(1) Initial Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before on or before thirty (30) days after the case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before May 12, 2014, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the

Local Rules would further assist the parties in resolving this matter.

C.   Other Pretrial Discovery Matters

The Parties anticipate the case will be ready for jury trial by February 16, 2015, and anticipate it will last three (3) to four (4) days. If this action is to be settled, the Law Clerk shall be notified by noon on ~~February 13,~~ *March 6,* 2015. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent on the circumstances. *Trial to set for March 10, 2015 at 9:00 a.m.*

A pretrial conference shall be held on February ~~6~~ *23*, 2015 at *3:00* am/~~pm~~. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery will be completed by September 29, 2014. All written discovery shall be submitted in sufficient time so that the response shall be in hand by September 29, 2014. All discovery related statements shall be submitted in sufficient time so that the response shall be in hand by September 29, 2014. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of records shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by October 24, 2014 and any responses thereto shall be filed in thirty (30) days. Any replies shall be filed by in fifteen (15) days.[2]

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment unless otherwise stated herein.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendment will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. The deadline for moving to amend the pleadings is May 19, 2014.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of the Court shall govern.

By July 28, 2014, the plaintiff shall declare to the defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By August 29, 2014, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by September 30, 2014. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions and production upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless

the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

IV. **OTHER AGREEMENTS REACHED BY THE PARTIES:**

A. <u>Third Party Subpoenas</u>

The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

B. <u>Electronic Discovery</u>

The parties agree to abide by Administrative Order No. 174. To the extent necessary, the Parties may enter into a separate agreement concerning the procedures to be followed with regard to searching for and producing Electronically Stored Information ("ESI").

C. <u>Electronic Service</u>

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to

any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. *If so as ordered.*

[handwritten signature] USMJ 1-13-14

Respectfully submitted,

*S/ Heather M. Collins*
Heather Moore Collins (#26099)
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615)724-1996
(615)691-7019 (FACSIMILE)
heather@hmcollinslaw.com

*Attorney for Plaintiff*

*s/ Charles J. Mataya*
Charles J. Mataya (# 012719)
J. Craig Oliver (# 016838)
BRADLEY ARANT BOULT CUMMINGS, LLP
P.O. Box 340025
Nashville, TN 37203
(615) 244-2582
(615) 252-6310 (Fax)
cmataya@babc.com
coliver@babc.com

*Attorneys for Defendant Lexington Home Care Services, LLC d/b/a Regional Home Care, McKenzie*

*s/ Katharine R. Cloud*
John R. Jacobson (# 014365)
William Outhier (# 015609)
Katharine R. Cloud (# 019336)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 Fax
jjacobson@rwjplc.com
wouthier@rwjplc.com
kcloud@rwjplc.com