IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| THEDA RUSCH BALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNITY HEALTH SYSTEMS, INC., )<br>COMMUNITY HEALTH SYSTEMS )<br>PROFESSIONAL CORP., )<br>LEXINGTON HOME CARE SERVICES, LLC )<br>d/b/a REGIONAL HOME CARE, MCKENZIE, )<br>COMMUNITY HEALTH UNITED HOME )<br>CARE, LLC, )<br>)<br>Defendants. ) | No. 3:13-1129<br>Judge Haynes |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Theda Rusch Ball ("Plaintiff"), counsel for Community Health Systems, Inc. ("CHSI") and Community Health Systems Professional Services Corporation ("CHSPSC") and counsel for Lexington Home Care Services, LLC ("LHCS") and Community Health United Home Care, LLC ("CHUHCL"), subject to the approval of the Court, that the following Stipulated Confidentiality And Protective Order ("Order") shall govern the handling of non-public, private, confidential, proprietary, trade secret, financial and commercially sensitive information produced in this matter, which may also include "protected health information" as that term is defined in 45 CFR § 160.103[1]. Plaintiff, CHSI, CHSPSC, LHCS and CHUHCL are sometimes referred to herein

---

[1] Protected health information also includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

1

collectively as the "parties" and individually as "party."

1.

This Order shall apply to the production of any documents, electronically stored information, or other information produced, or disclosed in the above-captioned litigation (hereinafter "Confidential Information"), and to any information or testimony elicited in depositions pertaining to the Confidential Information produced during this litigation.

2.

Confidential Information shall be stamped or otherwise marked "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" (i) by the party that produces such Confidential Information, or (ii) by any party within 14 days of the production or service of documents, testimony, discovery responses, court papers, or other things that a party in good faith determines should have been designated as Confidential Information upon written notice to counsel for the opposite party; provided that no party shall incur liability for disclosure of Confidential Information made prior to notice of such designation. No party shall designate material as "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" unless counsel for the party believes in good faith that the designated material is entitled to protection. Any and all medical records produced or received through subpoena shall be considered "CONFIDENTIAL" regardless whether such records are stamped or marked as such.

3.

Confidential Information will be maintained in confidence by the party to whom it is produced and will not be disclosed to any person, except for the following:

(a) Counsel for the parties, whether counsel of record or not, including partners, associates, co-counsel, legal assistants, secretaries or other support staff of such counsel assigned to assist

such counsel; (b) the parties or their corporate designees or their employees identified in Defendants' Rule 26 Initial Disclosures; (c) experts, consultants, accountants and other third-parties expressly retained or employed by counsel of record to assist in the preparation of this proceeding, whether or not said third-parties shall subsequently testify at the proceeding, provided such third-parties are notified of this Protective Order; (d) any third-party from whom testimony is taken in this action, at the time such testimony is taken, provided such third-parties are notified of this Protective Order; (e) personnel at third-party vendors used to help produce protected documents, electronically stored information or other materials, or to prepare such documents, electronically stored information or other materials for use in Court, provided such third-party vendors are notified of this Protective Order; and (f) the Court, including the Clerk of the Court and Court personnel.

4.

Confidential Information may include medical and psychiatric records and information pertaining to Plaintiff that is either produced in this litigation by Plaintiff or pursuant to third-party subpoenas. Such information, which shall hereinafter be defined as "Plaintiff's Medical Information" and shall be deemed CONFIDENTIAL will be maintained in confidence by the party to whom it is produced and will not be disclosed to any person, except for the following:

(a) Counsel for the parties, whether counsel of record or not, including partners, associates, co-counsel, legal assistants, secretaries or other support staff of such counsel assigned to assist such counsel; (b) the parties and their corporate designees; (c) experts, consultants, and other third-parties expressly retained or employed by counsel of record to assist in the preparation of this proceeding, whether or not said third-parties shall subsequently testify at the proceeding, provided such third-parties are notified of this Protective Order; (d) any third-party

from whom testimony is taken in this action, at the time such testimony is taken, provided such third-parties are notified of this Protective Order; (e) personnel at third-party vendors used to help produce protected documents, electronically stored information or other materials, or to prepare such documents, electronically stored information or other materials for use in Court, provided such third-party vendors are notified of this Protective Order; (f) the Court, including the Clerk of the Court and Court personnel.

5.

Unless otherwise agreed by counsel for the parties or provided by order of the Court, all Confidential Information produced pursuant to paragraph 2 shall be used only in the course of this action, including for use as evidence in any trial herein, if admissible, and shall not be used or provided for use in any other litigation or proceedings, and specifically shall not be disclosed to other parties or used for any purpose in any other litigation, and shall not be disclosed to anyone at any time other than as specifically provided herein.

6.

Confidential Information shall not be published orally, electronically, by copy, or by any other means to any person other than persons enumerated in paragraphs 3 and 4 of this Order.

7.

Upon conclusion of this action, which includes any appeals, Confidential Information and all copies thereof shall be returned to the producing party or destroyed at that party's request. Upon request from the producing party within 14 days of the conclusion of the litigation, the return or destruction of such materials shall be certified in writing by the returning party. Counsel for the parties may, however, retain any Confidential Information that is made an exhibit to a deposition or a court filing (including a trial exhibit) as part of their regularly

maintained litigation files, with the understanding that the contents of the exhibits shall remain confidential and subject to this Order.

8.

In the event a party, non-party or their attorney is required to appear in any subsequent legal proceeding which may concern documents deemed as "Confidential" or information contained therein, the party, non-party or their attorney will notify via email the producing party as soon as reasonably practicable after receipt of such process (including summons, subpoena or court order), but in any event sufficiently in advance of the disclosure such that the producing party may thereafter take such action as it deems necessary to prevent any disclosure. The person required to testify may respond to any questions regarding the documents or information unless directed by a Court to refrain from testifying.

Notice pursuant to this Paragraph 8 shall be provided to the following persons:

For Plaintiff:

Heather Moore Collins
Collins Law Firm
2002 Richard Jones Road, Suite 200-B
Nashville, Tennessee 37215
heather@hmcollinslaw.com

For CHSI and CHSPSC:

John R. Jacobson
Katharine R. Cloud
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rwjplc.com
kcloud@rwjplc.com

5

For LHCS and CHUHCL:

Charles J. Mataya
Craig Oliver
Bradley Arant Boult Cummings, LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
cmataya@babc.com
coliver@babc.com

9.

In the event that a receiving party disagrees that the material designated as confidential under this Order is Confidential Information or is entitled to protection under Rule 26 and/or this Protective Order, the receiving party and the designating party shall confer pursuant to Fed. R. Civ. P. 37(a)(2) and attempt in good faith to resolve the disagreement. Any unresolved dispute regarding the designated Confidential Information under this Order shall be submitted to this Court for resolution. If any party disagrees with the designation of any material as Confidential Information, the documents, electronically stored information and/or other materials so designated shall nonetheless be treated as Confidential Information until the parties agree upon the treatment of such documents, electronically stored information and/or other materials or the party disputing the designation of any such documents, electronically stored information and/or other materials shall file an appropriate motion with the Court and such motion has been ruled upon. In any motion challenging the designation of documents, electronically stored information and/or other materials as confidential, the person or party making the designation shall have the burden of proving the necessity for the designation. A motion may be made at any time including after discovery has concluded, and failure to make a prompt motion shall not be deemed as a waiver of the right to make such motion.

10.

Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed in a sealed envelope accompanied by a request that the Court file and maintain the information under seal and consistent with the provisions set forth in Administrative Order No. 167, §§ 5.07 and 5.10. The Parties agree that to the extent it becomes necessary to file CONFIDENTIAL information with the Court, that they will first contact the designating party to request an agreement to redact Confidential Information such that the Confidential Information can be filed without seeking permission to seal the documents.

11.

For purposes of the use at trial of any of the material designated as CONFIDENTIAL pursuant to this Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial, nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality or admissibility of such material.

12.

This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the

confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

This Order shall be without prejudice to the right of any party in this action to seek a further protective order or modification of this Order. This Order also may be modified or amended by the parties by subsequent agreement approved by the Court.

SO ORDERED this 28th day of May, 2014.

WILLIAM J. HAYNES, JR., Chief Judge
United States District Court